IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-626-FL

| | |
|---|---|
| KAREN PERRIGO, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before this court on the motion of counsel for Plaintiff ("Counsel" or "Plaintiff's Counsel") seeking recovery of attorney fees in accordance with the Social Security Act, 42 U.S.C. § 406(b). Mot. for Atty. Fees under 42 U.S.C. § 406(b) ("Mot.") [DE-30] at 1. In particular, Plaintiff's Counsel seeks $18,629.25 in fees from the past-due disability benefits awarded Plaintiff. *Id.* In response to Plaintiff's motion, Defendant Commissioner of Social Security ("Commissioner") suggests that the requested fee award may not be reasonable as required by 42 U.S.C. § 406(b). Def.'s Resp. to Pl.'s Mot. for Atty. Fees ("Def.'s Mot.") [DE-34] at 1. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends that Plaintiff's Counsel's motion for attorney fees be allowed.

## I. BACKGROUND

On December 17, 2008, Plaintiff entered into a contingency fee agreement with counsel in which Plaintiff agreed to the payment of attorney fees in the amount of 25 percent of any past

due benefits awarded to Plaintiff. *See* Fee Agreement [DE-33-1] at 2. On December 31, 2008, on behalf of Plaintiff, Counsel filed a complaint in federal court challenging the denial of Social Security disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. Compl. ¶¶ 3 [DE-6]. On May 4, 2009, on behalf of his client, Plaintiff's Counsel filed a motion for judgment on the pleadings and a memorandum of law in support of the motion. [DE-19, 19-2]. Plaintiff claimed that she suffered from disabling impairments of fibromyalgia, chronic pain syndrome, uncontrollable rashes and depression. [DE-19-2] at 1. In her brief through counsel, Plaintiff argued that the ALJ's reasons for rejecting Plaintiff's testimony regarding her pain were not supported by substantial evidence and that the ALJ erred by posing a hypothetical to the VE which failed to convey Plaintiff's limitations in her concentration and ability to manipulate objects. [DE-19-2] at 6-13. Plaintiff argued through her counsel that the ALJ's decision denying Plaintiff benefits should be reversed or, alternatively, should be remanded for further evaluation. *Id.*

On July 28, 2009, the Commissioner filed an unopposed motion seeking reversal of the Commissioner's decision and remand to the Commissioner in accordance with sentence four of 42 U.S.C. § 405(g). [DE-23]. The Commissioner indicated in its supportive memorandum that further administrative proceedings before the ALJ were required in order "to hold a new hearing and to further evaluate the evidence." [DE-24] at 2. On July 29, 2009, the district court granted the Commissioner's unopposed motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Order [DE-25] at 1. Accordingly, judgment was entered reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remanding the action for further proceedings. [DE-26].

2

On October 27, 2009, counsel filed a motion, declaration, and supporting memorandum requesting attorney fees in the amount of $3,476.00[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot. for Atty. Fees under EAJA [DE-27]; Mem. in Supp. of Mot. for Atty Fees under EAJA [DE-27-2]; Atty's Decl. in Support of Fees [DE-27-3]. The Commissioner responded to counsel's motion for an award under the EAJA advising that the Commissioner had no objection to the requested award. Def.'s Resp. to Pl.'s Mot. for Atty. Fees Under EAJA [DE-28] at 1. Subsequently, on October 29, 2009, the District Court granted counsel's motion for attorney fees pursuant to the EAJA and ordered the Commissioner to pay $3,476.00 in attorney fees in full satisfaction for fees, costs and other expenses pursuant to the EAJA. Order [DE-29] at 1.

The Social Security Administration ("SSA") subsequently awarded Plaintiff $98,517.00 in past due disability benefits for the period of March 2004 through December 2010 and withheld 25 percent of that award ($24,629.25) for attorney fees. SSA Notice of Award [DE-33-2] ("Notice of Award") at 3. The SSA awarded counsel $6,000.00 of the $24,629.25 in attorney fees for his representation of Plaintiff before the Commissioner pursuant to 42 U.S.C. § 406(a). *Id.*; Mem. in Supp. of Mot. For Atty. Fees ("Mem.") [DE-33] at 2. The SSA is withholding the balance of $18,629.25[2] from Plaintiff's past due benefits, awaiting instructions as to whether

---

[1] According to EAJA motion, the requested fee was based on 22 hours of work at a rate of $158.00 per hour. [DE-27-2 at 3; DE-27-3 at 1]. The same information has been submitted in support of the motion for a fee award under § 406(b). Resp. to Order Regarding Atty. Fees [DE-36] at 4 n.2; Ex. A [DE-36-1].

[2] This amount represents 25 percent of Plaintiff's past due benefits less the $6,000.00 in administrative fees previously awarded to counsel by the SSA. Counsel advises that he "will reimburse this amount [$3,476.00] out of any higher award by the Court under § 406(b)." Mem. [DE-33] at 2, n.1.

3

counsel is entitled to additional attorney fees under 42 U.S.C. § 406(b). Notice of Award [DE-33-2] at 3; Mem. in Support of Mot. for Atty. Fees ("Mem.") [DE-33] at 2. On February 14, 2012, counsel filed a motion and supporting memorandum requesting approval of attorney fees in the amount of $18,629.25 pursuant to 42 U.S.C. § 406(b). Mot. [DE-32]; Mem. [DE-33]. Upon direction of this court, Plaintiff's Counsel submitted further briefing on the reasonableness of the requested fee award. Order [DE-35]; Resp. to Order Regarding Atty. Fees [DE-36].

## II. DISCUSSION

The authority to award attorney fees under 42 U.S.C. § 406 is divided into two separate parts. Section 406(a) states that when there is a claim for benefits before the Commissioner, who *makes a favorable determination for the claimant*, and the claimant was represented by an attorney, the Commissioner shall fix a reasonable fee to compensate an attorney for services rendered in connection with such claim. In contrast, Section 406(b)(1)(A) provides "[w]henever *a court renders a judgment favorable to a claimant* . . . who was represented before the court by an attorney, the court may determine and allow . . . a reasonable fee for such representation" provided that these fees are not in excess of twenty-five percent of the amount of past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A) (emphasis added). Where attorney fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." *Thomas v. Barnhart*, No. 1:02-CV-198, 2005 U.S. Dist. LEXIS 6586, at *5-6, 2005 WL 894886, at *2 (W.D. Va. Apr. 18, 2005). In such a case, the "claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted).

4

Contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* at 807 (concluding that § 406(b) "does not displace contingent-fee agreements . . . . [but] calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"). Contingency fee arrangements calling for 25 percent of past due benefits or less require the attorney for a successful claimant to "show that the fee sought is reasonable for the services rendered." *Id.* In determining whether the fee sought under § 406(b)(1)(A) is reasonable, the courts should "look[] [] to the contingent-fee agreement, then test[] it for reasonableness." *Gisbrecht*, 535 U.S. at 808 (emphasizing that the consideration of the fee arrangement between the client and the attorney, including any continency fee arrangement, is the first step in determining the reasonableness of the requested fee); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). In analyzing the reasonableness of the fee award, the *Gisbrecht* court did not provide a definitive list of factors to be considered because the court recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Mudd*, 418 F.3d at 428 (quoting *Gisbrecht*, 535 U.S. at 808). However, the *Gisbrecht* court noted that a reduction in the contingent fee may be appropriate when: (1) the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney delayed the proceedings causing the past due benefits to increase during the pendency of the case in court or (3) whether the past due benefits awarded are large in comparison to the amount of time counsel spent on the case (i.e., the "windfall" factor). *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808).

5

Applying these rules to the present facts, this court finds that the requested attorney fees are reasonable and therefore should be awarded. In this case, counsel has presented the court with a contingent fee agreement entered into between Plaintiff and counsel. [DE-33-1]. The agreement explicitly provides that if counsel prevails before the district court and Plaintiff is subsequently awarded past due disability benefits, Plaintiff agrees to pay counsel 25 percent of those benefits. *Id.* at 2; *see Mudd*, 418 F.3d at 428 ("As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . §406(b) simply instructs a court to review the agreement for reasonableness.") (citing *Gisbrecht*, 535 U.S. at 807). In its Notice of Award letter, the SSA informed Plaintiff that it had withheld the 25 percent ($24,629.25) from her past due benefits to pay any claimed attorney fees. [DE-33-2] at 3. The requested fees are thus in accord with the character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given [] to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). With respect to the results achieved, through counsel's efforts, Plaintiff won a remand for further proceedings, which ultimately resulted in an award of $98,517.00 in past due benefits.

As for the second factor, there is no evidence of delay tactics employed by counsel. Counsel filed a Motion for Leave to Proceed *in forma pauperis* on December 29, 2008, the day the Appeals Council denied Claimant's request for review of the ALJ's unfavorable decision. [DE-19-2] at 6. In addition to filing Plaintiff's complaint timely, Plaintiff's counsel sought no continuances of case deadlines, but rather efficiently obtained a beneficial result for Plaintiff.

6

Case 5:08-cv-00626-FL   Document 37   Filed 05/22/12   Page 6 of 9

Finally, while "there is no clear set of criteria for determining when an award would result in a windfall . . . [several] factors [] should be considered." *Joslyn*, 389 F. Supp. 2d at 456. These factors include (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Id.* at 456-57; *see Mudd*, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court."); *see also Abernathy v. Astrue*, No. 4:08-CV-99-FL, 2011 U.S. Dist LEXIS 11834, at *5, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011). Here, counsel's efforts were clearly successful, the memorandum of law filed in the underlying matter demonstrates skilled legal research and analysis and as explained above, counsel's skill and expertise resulted in the efficient handling of this case. In finding that counsel did not receive a windfall, the court is mindful that

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

*Wilson v. Astrue*, 622 F. Supp. 2d 132, 137 (D. Del. 2008); *see also Gisbrecht*, 535 U.S. at 805. (explaining courts should balance the interest in protecting claimants from inordinately large

7

fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits).

Thus, considering the deference owed to the agreement between the attorney and the plaintiff, *Joslyn,* 389 F. Supp. 2d at 456, the interest in assuring that attorneys continue to represent clients such as Plaintiff, *Gisbrecht,* 535 U.S. at 805, and the factors identified by the Supreme Court, *id.* at 808, this court finds the requested attorney fees are reasonable and recommends the fees be awarded. In particular, because counsel has already been awarded $6,000.00 in fees at the administrative level, the Social Security Administration should release the sum of $18,629.25 to counsel as attorney fees for services rendered before this court. Counsel shall return to Plaintiff $3,476.00, the fees previously awarded under the EAJA. *See Whitaker v. Astrue,* No. 4:08-CV-105-FL, 2010 U.S. Dist. LEXIS 131703, at *3 (E.D.N.C. Dec. 13, 2010); *see also Abernathy,* 2011 U.S. Dist. LEXIS, at *5, 2011 WL 488657, at *2.

### III. CONCLUSION

Based on the foregoing, the court RECOMMENDS the following:

1. Allow Plaintiff's motion [DE-30] and instruct the SSA to release the sum of $18,629.25 to counsel as attorney fees for services rendered before this court;

2. Direct counsel to refund to Plaintiff $3,476.00 in EAJA fees; and

3. Direct the Clerk to close the case.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and,

except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 22nd day of May, 2012.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge